

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2003

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3973

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Liu v. Atty Gen USA" (2003). *2003 Decisions*. Paper 62.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/62

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3973

QING SHO LIU,

Appellant

v.

JOHN ASHCROFT,
Attorney General of the United States

ON APPEAL FROM THE BOARD OF IMMIGRATION APPEALS

(BIA No. A77-643-153)

Submitted Under Third Circuit LAR 34.1(a)
December 5, 2003

Before: SLOVITER, ALITO, and OBERDORFER[1], Circuit Judges.

(Opinion Filed: December 11, 2003 )

OPINION OF THE COURT

---

[1]Honorable Louis F. Oberdorfer, U.S. District Judge for the District of Columbia, sitting by designation.

PER CURIAM:

Qiu Shou Lou, a native and citizen of the People's Republic of China, appeals from an order of the Board of Immigration Appeals (BIA). Mr. Liu claims that he is eligible for asylum by virtue of the attempted forced abortion of his girlfriend by Chinese authorities. The BIA affirmed an order by an immigration judge (IJ) denying asylum or withholding of removal, and denying relief under the Convention Against Torture. Because the BIA's affirmance order was issued without an opinion, our review is of the IJ's underlying opinion. 8 C.F.R. § 3.1(e)(4)(ii)(2002). Mr. Liu appeals only the disposition of asylum claim.[2] We affirm because we find that the IJ's determination that Mr. Liu was not eligible for asylum was "supported by reasonable, substantial, and probative evidence on the record considered as a whole." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Because we write only for the parties, we will not restate the full facts of the case.

Mr. Liu argues that he is eligible for asylum because he was persecuted in China for political opinion. Specifically, Mr. Liu argues that he qualifies for asylum under § 601 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which provides:

---

[2] Because Mr. Liu's brief contains no argument concerning the denial of withholding of removal and denial of relief under the Convention Against Torture, he has waived any argument relating to these claims. See International Raw Materials, Ltd. v. Stauffer Chemical Co., 978 F.2d 1318, 1327 (3d Cir. 1992) ("We have repeatedly emphasized that failure to raise a theory as an issue on appeal constitutes a waiver").

a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101.

In an oral decision dated August 9, 2000, the IJ determined that Mr. Liu had not demonstrated that his life or freedom would be threatened in China on account of political opinion concerning China's family planning policies. See App. at 121-23. The IJ explained that his conclusion flowed from several determinations. First, the IJ determined that Mr. Liu was not a credible witness. There were, according to the IJ, numerous discrepancies in his evidence and testimony, including that Mr. Liu's "problems with government officials in China" actually related to the facts that Mr. Liu illegally sold x-rated videotapes and that Mr. Liu had been illegally smuggled out of China and not, as Mr. Liu's asylum application stated, to family planning policies in China. App. at 118-122. Second, the IJ determined that even if Mr. Liu was credible, he would not be eligible for asylum because Mr. Liu's girlfriend did not suffer sterilization or abortion, see id. at 122, and because even if Mr. Liu's girlfriend *had* been persecuted, Mr. Liu would nonetheless be ineligible for asylum because the protection for such persecution has not been extended beyond spouses of the persecuted individual. See id.

3

(citing <u>Matter of C-Y-Z</u>, 21 I&N 915 (BIA 1997)).

Having reviewed the record and Mr. Liu's arguments, we conclude, for substantially the same reasons identified by the IJ's oral decision, that the IJ's opinion was "supported by reasonable, substantial, and probative evidence on the record considered as a whole." <u>Elias-Zacarias</u>, 502 U.S. at 481. It is

Affirmed.